UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30996
_____


BRENDA B. CAMPBELL,

Plaintiff-Appellant,

versus

NORMAN R. GORDON & ASSOCIATES; NORMAN R. GORDON; JEFFREY S. COX,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Western District of Louisiana
(97-CV-1467)
_____

August 6, 1999

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

The court has carefully considered this appeal in light of the parties' briefs and oral argument and pertinent portions of the record. We reach the following conclusions.

First, assuming arguendo that a claim exists for pregnancy harassment in violation of the Pregnancy Discrimination Act, appellant has not adduced facts demonstrating that her supervisor's conduct rose to the level of actionable harassment according to Faragher v. City of Boca Raton, _____ U.S. _____, 118 S.Ct. 2275, 2283-84 (1998). That is, the alleged harassing

_____

[*]Pursuant to 5th Cir. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited sircumstances set forth in 5th Cir. R. 47.5.4.

conduct, consisting of harangues and complaints by appellant's supervisor and requirements for doctors' excuses for her absences, was not so severe and pervasive as to alter the terms or conditions of appellant's employment.

Second, appellant has not produced evidence to raise a genuine issue of material fact that she endured disparate treatment because of her pregnancy rather than because of her unreliable attendance and difficulties keeping up with her job.

Third, appellant's claims of termination, retaliation, and intentional infliction of emotional distress are not supported by relevant summary judgment evidence.

The judgment of the district court is **AFFIRMED**.